NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50230 |
| Plaintiff-Appellee, | D.C. No. 8:08-cr-00197-AG-2 |
| v. | |
| YU SUNG PARK, AKA Sung Park, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 19, 2021
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,[**] District
Judge.

Yu Sung Park was convicted of four offenses related to a conspiracy to rob a

fictitious stash house. Park filed a 28 U.S.C. § 2255 motion, and one of the

convictions was invalidated under *Johnson v. United States*, 576 U.S. 591 (2015),

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The district court held resentencing hearings, reduced Park's custodial sentence, and imposed the following suspicionless supervised release search condition:

> Defendant shall submit his person and property including any residence, premises, vehicle, container, papers, effects, and computers or other electronic communication or digital storage devices or media under his control, to search and seizure at any time of the day or night by any law enforcement officer or probation officer, with or without a warrant, probable cause, or reasonable suspicion. The court invites the defendant to present to the Court any issues with this condition, including if the defendant feels he is being harassed.

Park appeals the "search condition as it applies to computers and other electronic devices" on two grounds. First, he argues that allowing suspicionless searches of his electronic data violates the Fourth Amendment. Second, he argues that the district court abused its discretion by imposing this electronic search condition without establishing a nexus between Park's use of electronic devices and the statutory goals of supervised release. Having jurisdiction under 28 U.S.C. § 1291, we hold that although the district court correctly found that the condition is reasonable under the Fourth Amendment, it failed to establish the required statutory nexus.

1.      "Whether a supervised release condition . . . violates the Constitution is reviewed de novo." *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Although the condition at issue authorizes significant intrusions into Park's digital privacy—an area subject to heightened protection under *Riley v. California*,

573 U.S. 373 (2014)—we agree with the district court that the condition is not facially unconstitutional. We have permitted suspicionless searches of federal supervisees in the past, *see United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007), as well as searches of federal supervisees' electronic data, *see United States v. Bare*, 806 F.3d 1011, 1018 n.4 (9th Cir. 2015). It remains possible that on another day we could find a particular search executed under this search condition unconstitutional due to the "totality of the circumstances," but the condition is at least facially constitutional. *See United States v. Knights*, 534 U.S. 112, 118–19 (2001). And the district court expressly invited Park to present "any issues with this condition" that might arise in the future.

2. However, the district court abused its discretion by imposing the suspicionless electronic search condition without establishing a nexus between Park's use of electronic devices and the statutory goals of supervised release. "The principal statutory provision that constrains the district court's discretion to impose conditions of supervised release is 18 U.S.C. § 3583(d)." *Bare*, 806 F.3d at 1017 (quoting *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008)). Under § 3583(d), when the district court "impose[s] a condition of supervised release permitting the search of a defendant's personal computers," the court must "make[] a factual finding establishing some nexus between computer use and one of the goals articulated in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), or (a)(2)(D)." *Id.* at

3

1017.  Here, the sentencing judge failed to make a factual finding that established a nexus between computer use and a supervised release sentencing goal.  Although the court vaguely referenced a concern for public safety, *see* 18 U.S.C. § 3553(a)(2)(c), it failed to demonstrate any connection between Park's use of electronic devices and protection of the public.  Without the required nexus, the electronic search condition cannot stand.

Therefore, we **VACATE** the search condition insofar as it allows suspicionless searches of "computers or other electronic communication or digital storage devices or media under [Park's] control," and **REMAND** to the district court for further sentencing proceedings.